# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| AKIA STANTON, | § |
| | § CIVIL NO. 6:18-CV-00479-JDK |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| JARVIS CHRISTIAN COLLEGE, | § |
| | § |
| Defendant. | § |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Akia Stanton ("Plaintiff" or "Ms. Stanton") initiated this civil action on September 10, 2018, alleging claims of (1) sex discrimination and retaliation pursuant to 42 U.S.C. § 2000e-(2)(a); (2) Family Medical Leave Act (FMLA) interference; (3) FMLA retaliation; (4) libel; and (5) negligent supervision, training, and retention against Defendant Jarvis Christian College ("Defendant" or "Jarvis"). Docket No. 1. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Docket No. 7. On January 25, 2019, the Magistrate Judge issued a Report and Recommendation recommending that Defendant Jarvis's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c) (Docket No. 11) be granted-in-part and denied-in-part. Docket No. 24. Specifically, the Magistrate Judge recommended that Defendant's Motion (Docket No. 11) be granted as to Plaintiff's claims for Title VII sexual harassment and negligence and denied as to Plaintiff's claims for Title VII discrimination and retaliation, FMLA interference and retaliation, and libel. *Id.* at 17.

Both parties were served with the Report and Recommendation through their counsel of

record via the Court's CM/ECF electronic filing system on January 25, 2019. Docket No. 24. The Report and Recommendation informed the parties of their right to object within 14 days, and further informed them that a "party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court." *Id.* at 17 (citing *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)). Since the service of the Report and Recommendation, neither party has filed objections to the Report and Recommendation, and the prescribed time period for doing so has passed.

Having reviewed the findings and conclusions of the Magistrate Judge, the Court agrees with the Magistrate Judge. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly **ORDERED** that Defendant's Motion (Docket No. 11) be **GRANTED** as to Plaintiff's claims for Title VII sexual harassment and negligence and **DENIED** as to Plaintiff's claims for Title VII discrimination and retaliation, FMLA interference and retaliation, and libel.

Accordingly, Plaintiff's Title VII sexual harassment claim is **DISMISSED** without prejudice. *Stroy v. Gibson on behalf of Dep't of Veterans Affairs*, 896 F.3d 693, 698, n.2 (5th Cir. 2018) ("When a district court dismisses a claim for failure to exhaust under Federal Rule of Civil Procedure 12(b)(6), the dismissal is without prejudice so that a plaintiff may return to court after [she] has exhausted [her] administrative remedies."). Plaintiff's negligence claims are also **DISMISSED** without prejudice. *See, e.g., Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) ("Although a court may dismiss [a] claim [under Rule 12(c)], it should not do so without

granting leave to amend, unless the defect is simply incurable.").[1]

So **ORDERED** and **SIGNED** this **13th** day of **February, 2019.**

*[signature]*
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has not requested leave to amend her complaint. *See* Docket No. 21. Based upon the pleadings, the briefing, and Plaintiff's failure to object, the Court sees no reason to *sua sponte* order amendment of the claims where Plaintiff's failure to request amendment, seek leave to amend, or object to the Magistrate Judge's conclusions, appears to be her abandonment of these claims for purposes of this action.