# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 29, 2022
Lyle W. Cayce
Clerk

No. 20-40581

AKIA STANTON,

*Plaintiff—Appellee*,

*versus*

JARVIS CHRISTIAN COLLEGE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-479

Before RICHMAN, *Chief Judge*, and CLEMENT, and HIGGINSON, *Circuit Judges*.

PER CURIAM:

Akia Stanton sued Jarvis Christian College for violating the Family and Medical Leave Act and won. We affirmed. Per 29 U.S.C. § 2617, a plaintiff may recover appellate attorneys' fees for claims successfully brought under the Act. To do so, a party may either "move under Rule 54 of the Federal Rules of Civil Procedure in the district court" or "petition this court under Fifth Circuit Local Rule 47.8." *Roberts v. Brinkerhoff Inspection, Inc.*, 855 F. App'x 222, 223 (5th Cir. 2021). We strictly read Rule 54 to mean that—"absent a new judgment" post-appeal—a fees request must be filed

no later than "fourteen days after the district court entered final judgment following the trial." *Id.* But, there's no rule "setting a deadline for the filing of the motion for attorney's fees" on our docket. *Zimmerman v. City of Austin*, No. 19-50857, Dec. 31, 2020, at 4; *Cruz v. Hauck*, 762 F.2d 1230, 1236–37 (5th Cir. 1985). Still, fee requests—like those filed under Local Rule 47.8—are regulated by "equitable considerations." *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939). So, a Local Rule 47.8 motion's timeliness is governed by the equitable doctrine of laches. *Zimmerman*, No. 19-50857, Dec. 23, 2020, at 5; *Cruz*, 762 F.2d at 1238.

Here, Stanton moved the district court for attorneys' fees per Rule 54. When that motion was denied, she petitioned us directly under Local Rule 47.8.[1] We "anticipate that such requests will be made" and "have the authority to award such fees," but "our preferred procedure is to remand for

---

[1] Per our precedent—and as Stanton did here—a party may file an appellate fees request with this court *after* the mandate issues and *after* the district court's denial of their Rule 54 motion. *Brinkerhoff*, 855 F. App'x at 223 (affirming denial of Rule 54 motion, but noting plaintiff "could have moved or petitioned this court to remand the issue of appellate attorney's fees for the district court to consider . . ."); *Zimmerman v. City of Austin*, 969 F. 3d 564, 571 (5th Cir. 2020) (same). So, by filing in this court, a litigant can sidestep Rule 54's "judgment" requirement. That route allows a party to avoid the potentially harsh application of Rule 54's two-week deadline to their request for appellate fees. After all, an appeal can last years, so a Rule 54 motion seeking appellate attorneys' fees likely won't be filed within 14 days of the original judgment (i.e., the subject of the appeal). But, if a movant opts out of Rule 54's deadline by filing a motion via Local Rule 47.8, they aren't bound by any obvious time constraints. To fix these problems, other courts have modified their local rules, *see* 9TH CIR. R. 39-1.6 (creating 14-day deadline to file with appellate court), or liberally construed Rule 54's standard to permit sensible requests in the district court. *See Zoroastrian Ctr. of Wash., D.C. v. Rustam Guiv Found.*, 245 F. Supp. 3d 742, 754 (E.D. Va. 2017) (rejecting Rule 54's 14-days post-judgment standard as "troublingly onerous," finding fees request was timely because it was "filed within a reasonable time after the last necessary order resolving the case"). We recognized the importance of a *reasonable* time limit for fee requests nearly forty years ago—eight years before Rule 54's two-week period was put into effect. *Cruz*, 762 F.2d at 1236–37. Now, we should consider adopting one.

the determination of the amount of such an award." *Zimmerman*, 969 F.3d at 571 (alterations adopted) (quotations and citation omitted). "On remand[,] the district court should inquire into [any] allegation[s] of prejudice" under the doctrine of laches. *Cruz*, 762 F.2d at 1238. After all, district courts are better suited to handle such issues. *See Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003).

So, we REMAND to the district court to "determine whether laches bars" Stanton's request. *Zimmerman*, No. 19-50857, Dec. 23, 2020, at 5-6. In doing so, the district court should examine whether Jarvis Christian College was "prejudiced" by any delay in requesting fees, and whether any "delay was excusable." *Id.* If laches doesn't apply, the district court should determine what amount of attorneys' fees Stanton is entitled to.