IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AKIA STANTON, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 6:18-cv-479-JDK-JDL |
| JARVIS CHRISTIAN COLLEGE, | § § § | |
| Defendant. | § § § | |

**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**

The Fifth Circuit Court of Appeals has remanded Appellee Akia Stanton's pending motion for appellate attorney's fees to "'determine whether laches bars' Stanton's request" and, if not, to determine the appropriate fee amount. Docket No. 195 at 3. Based on this remand, Plaintiff's motion for fees is now before the Court. Docket No. 197. In her motion, Plaintiff argues that laches does not bar her request and seeks approximately $50,000 in fees related to Defendant Jarvis Christian College's unsuccessful appeal in this case. As explained below, the Court **GRANTS** Plaintiff's motion in part and awards Plaintiff $39,561.12 in attorney's fees.

**A.**

To prove laches, Defendant must show: "(1) a delay in asserting the right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Baylor Univ. Med. Ctr. v. Heckler*, 758 F.2d 1052, 1057 (5th Cir. 1985); *see also Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998).

The relevant timeline here is as follows: The Court entered a final judgment awarding Plaintiff damages, interest, and fees on August 27, 2020. Docket No. 174. Defendant filed a notice of appeal on September 1, 2020. Docket No. 177. Following briefing, the Fifth Circuit affirmed the judgment on March 11, 2022. Plaintiff then moved for appellate attorney's fees in this Court on March 28, 2022. Docket No. 188. The Court denied the motion as untimely under Federal Rule of Civil Procedure 54(d) on June 16, 2022. Docket No. 194 (citing *Roberts v. Brinkerhoff Inspection, Inc.*, 855 F. App'x 222 (5th Cir. 2021)). Plaintiff then waited until October 25, 2022, to move for appellate attorney's fees in the Fifth Circuit under Fifth Circuit Local Rule 47.8. *Stanton v. Jarvis Christian Coll.*, No. 20-40581, Docket No. 72 (5th Cir. Oct. 25, 2022).

Plaintiff provides no explanation for why she waited more than four months to renew her motion for appellate fees at the Fifth Circuit. In light Rule 54(d)(2)(B)'s fourteen-day deadline for fee motions at the district court, Plaintiff's four-month delay appears unreasonable. Further, Plaintiff has provided no justification for the delay; thus, the four-month delay was not excusable in this case.

However, Defendant has provided insufficient evidence of any prejudice resulting from this delay. Defendant's counsel provides an affidavit stating that the Jarvis Christian College Board of Trustees chose to forego seeking U.S. Supreme Court review on the merits of the case because Plaintiff's request for attorney's fees was denied by this Court and not appealed. Docket No. 199-1 ¶¶ 3–4. That is, Defendant argues that if the Board had known Plaintiff would continue to seek

2

appellate attorney's fees, Defendant may have chosen to press its substantive case by seeking certiorari at the Supreme Court.

Defendant's argument is unpersuasive. As Plaintiff demonstrates, counsel for Plaintiff notified Defendant that she intended to seek appellate attorney's fees at the Fifth Circuit in a June 20, 2022 email—four days after this Court denied Plaintiff's fee motion. Docket No. 198-1 at 3-4.[1] Defendant's deadline to file a cert petition was July 7, 2022—ninety days after the Fifth Circuit denied Defendant's motion for rehearing on April 8, 2022. U.S. Sup. Ct. R. 13.3. Thus, Defendant was on notice that Plaintiff would seek appellate fees at the Fifth Circuit more than two weeks before the cert petition deadline. Defendant, moreover, fails to provide the date of the Jarvis Board meeting or explain why the Board could not have reconvened in that two–week period to decide about Supreme Court review. Defendant has therefore failed to show that its decision to forego review was based on an assumption Plaintiff would drop her appellate fee request.

Because Defendant has failed to demonstrate prejudice due to Plaintiff's delay, laches does not apply. *See Cruz v. Hauck*, 762 F.2d 1230, 1238 (5th Cir. 1985) ("a finding of prejudice requires more than simply negligence or delay" quoting *Matter of Bohart,* 743 F.2d 313, 326 (5th Cir.1984)).

---

[1] Defendant challenges Plaintiff's exhibits 3 and 4 because they were filed six days after the deadline for Plaintiff's brief. Docket No. 199 at 2. The Court overrules this objection. While Plaintiff should have sought leave to file the late exhibits, Defendant has not identified any prejudice suffered due to their late submission and did not seek an extension to respond or supplement his response based on these late-filed exhibits.

**B.**

The Fifth Circuit also charged this Court with determining the appropriate amount of appellate fees if necessary. Docket No. 195 at 3. Although Plaintiff never provides a definitive figure, it appears that Plaintiff is seeking $51,341.04 based on the requested rate of $307.80 per hour for 166.8 hours. Docket No. 197 at 6; Docket No. 200 at 7.

The lodestar method—multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate—provides an initial estimate of a reasonable attorney's fee. *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

**1.**

Plaintiff argues that $307.80 is the appropriate hourly rate. Docket No. 197 at 4–5. Plaintiff reached this proposed rate by averaging the rates from the 2015 State Bar of Texas Hourly Fact Sheet publication for labor and employment attorneys in the East & Northeast Texas MSAs ($240), attorneys with eleven to fifteen years' experience in the East & Northeast Texas MSAs ($235), and appellate attorneys in the Dallas-Fort Worth-Arlington MSA[2] ($275). Plaintiff then adjusted this average of $250 for inflation to 2022. *Id.*

Defendant argues that $270.65 is the appropriate rate based on the rate this Court applied in the previous order awarding attorney's fees, $267.74, adjusted for inflation to 2020, the year with the most hours billed for appellate work. Docket

---

[2] The Fact Sheet does not provide a median appellate rate for East & Northeast Texas. Thus, Plaintiff used the "median rate for appellate attorneys in the nearest geographic area to East & Northeast Texas." Docket No. 197 at 5.

4

No. 199 at 6 (citing Docket No. 173 at 12).

Here, Plaintiff's approach is generally reasonable. As stated in the Court's previous order on attorney's fees and absent any other evidence from the parties, the State Bar of Texas Hourly Fact Sheet publication[3] provides guidance on prevailing rates in the community for similar services. *See* Docket No. 173 at 12. For trial-level work, the Court averaged the median rate for labor and employment attorneys in the East & Northeast Texas MSAs—$240—and the median rate for an attorney with eleven to fifteen years' experience in the East & Northeast Texas MSAs—$235. Plaintiff adds the median appellate rate for the closest geographic region—$275. The Court agrees that a slightly higher rate for appellate work is reasonable based on the differences between appellate and trial practice. *See Jackson v. Sullivan*, 987 F.2d 772, 1993 WL 67177, at *2 (5th Cir. 1993) ("Because appellate and trial practice concern different types of proceedings, and different types of skills, different hourly rates may be rationally justified at the appellate and district-court levels."). Averaging these three median rates—$240, $235, and $275—results in a 2015 rate of $250.

The appellate work in this case was completed in 2020, 2021, and 2022. Adjusting the 2015 rate of $250 for inflation results in a 2020 rate of $284.90, a 2021 rate of $289.27, and a 2022 rate of $308.31.[4]

---

[3] STATE BAR OF TEX., 2015 HOURLY RATE FACT SHEET (Aug. 2016), *available at* https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=34182.

[4] *See Legal services price inflation since 1986*, OFFICIAL DATA FOUND., https://www.officialdata.org/Legal-services/price-inflation/.

**2.**

Plaintiff argues that she worked 166.8 hours on the appeal of this case. Docket No. 197 at 6; Docket No. 200 at 7. Defendant challenges certain hours as excessive, redundant, or otherwise unnecessary. Docket No. 199 at 6–10. Specifically, Defendant challenges hours spent on Plaintiff's attempt to amend the Court's denial of attorney's fees, an unsuccessful motion for appellate fees in this Court, preparing for oral argument that did not occur, reviewing cases unrelated to the appeal, mediation during the appeal, and other work "unnecessary to the appeal." *Id.*

Plaintiff's motion before the Fifth Circuit sought "attorneys' fees applicable to her appeal." *Stanton v. Jarvis Christian College*, No. 20-40581, Docket No. 72 (5th Cir. Oct. 25, 2022). Based on that motion, the Fifth Circuit remanded the case with an instruction to "determine what amount of attorneys' fees Stanton is entitled to." Docket No. 195 at 3. Because Plaintiff seeks fees only for the appeal, the Court will award fees only for work performed for the appeal and on which Plaintiff obtained a favorable ruling. *See, e.g.*, *Zimmerman v. City of Austin*, No. 19-50857, Docket No. 86 (5th Cir. Jan. 26, 2021) (clarifying that on remand, the district court "should consider the necessity and reasonableness of attorneys' fees incurred during [the plaintiff's] 2018 appeal to the extent those fees supported rulings by this court in his favor.").

The Court finds that portions of Plaintiff's requested hours were not necessary to the appeal and will exclude these hours. Specifically, the Court will exclude time spent before the notice of appeal was filed on September 1, 2020, on Plaintiff's failed motion to alter judgment (Docket No. 178), and on Plaintiff's failed motion for appellate attorney's fees in this Court (Docket No. 188).

Other challenged hours, however, were necessary to the appeal and will be included. It appears that the parties participated in the Fifth Circuit's Circuit Mediation Program. *See* Docket No. 197-2 at 8–9 (billing record time entries related to mediation at the Fifth Circuit). Since this mediation occurred because Defendant chose to appeal, these hours are reasonably included. Also, Plaintiff's counsel's hours spent preparing for oral argument were reasonable. On March 18, 2021, the Fifth Circuit calendared oral argument on the appeal for April 28, 2021. The panel assigned to this case then cancelled the scheduled oral argument on March 24, 2021, determining that it would not be necessary. Between March 18 and March 24, Plaintiff's counsel spent approximately 8 hours on work related to oral argument. Because Plaintiff could not predict that oral argument would be cancelled, it was reasonable and necessary to prepare for the expected argument.

Based on a thorough review of Plaintiff's counsel's billing records, the Court finds the following hours of relevant and necessary appellate work: 60.3 hours in 2020, 60 hours in 2021, and 16.3 hours in 2022. *See* Docket No. 197-2. Applying the lodestar method results in the following fee calculations:

| Year | Hours | Rate | Total |
|------|-------|------|-------|
| 2020 | 60.3 | $284.90 | $17,179.47 |
| 2021 | 60 | $289.27 | $17,356.20 |
| 2022 | 16.3 | $308.31 | $5,025.45 |
|  |  | **TOTAL** | **$39,561.12** |

Accordingly, the presumptively reasonable lodestar figure for Plaintiff's attorney's fees for the appeal are $39,561.12. *See, e.g., Saizan v. Delta Concrete Prod.*

*Co.*, 448 F.3d 795, 800 (5th Cir. 2006) ("There exists a strong presumption of the reasonableness of the lodestar amount.").

### 3.

The Court may adjust the lodestar figure upward or downward based upon the respective weights of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Defendant argues that factor 1—the time and labor required for the litigation—factor 2—the novelty and difficulty of the questions presented—and factor 3—the skill required to perform the legal services properly warrant a downward adjustment here. Docket No. 199 at 10–11. Defendant contends that the issues on appeal had already been addressed at the district court level; thus, the appeal "should not have been a time extensive exercise that required unique skill." *Id.* at 11.

While there may not have been any novel issues on appeal, the Court does not find that these factors warrant a downward adjustment. Because she was familiar with the issues on appeal, Plaintiff's counsel presumably spent fewer hours than would otherwise have been necessary working on the appeal. Accordingly, the lodestar figure already accounts for these factors and should not be further adjusted. *E.g.*, *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) ("The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account." (citing *Shipes v. Trinity Indus.*, 978 F.2d 311, 319–20 (5th Cir. 1993))).

\*   \*   \*

The Court finds that laches does not apply and awards Plaintiff Akia Stanton $39,561.12 in reasonable and necessary attorney's fees for the appeal of this case.

So **ORDERED** and **SIGNED** this **14th** day of **July, 2023.**

*[Signature]*
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE