IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AKIA STANTON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:18-cv-479-JDK-JDL |
| JARVIS CHRISTIAN COLLEGE, | § § § | |
| Defendant. | § § § | |

## ORDER FOR MEDIATION

Before the Court are Plaintiff Akia Stanton's motion for a show cause order against Defendant Jarvis Christian College (Docket No. 203) and Defendant's motion for satisfaction of judgment (Docket No. 206).

This case should have been resolved between the parties long ago. Plaintiff filed this case in September 2018. It proceeded to trial in February 2020. The Fifth Circuit affirmed the judgment in March 2022. Yet, more than five years after the events leading to this lawsuit, the parties and their counsel are still bickering over issues that they should be able to cooperate to resolve. They are wasting the Court's time, their own time, and their client's money.

Local Rule AT-3 requires attorneys appearing in this Court to comply with the following standards of practice:

    (a) In fulfilling his or her primary duty to the client, a lawyer must be ever conscious of the broader duty to the judicial system that serves both attorney and client.

    (b) A lawyer owes candor, diligence, and utmost respect to the judiciary.

1

(c) A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves.

(d) A lawyer unquestionably owes, to the administration of justice, the fundamental duties of personal dignity and professional integrity.

(e) Lawyers should treat each other, the opposing party, the court, and court staff with courtesy and civility and conduct themselves in a professional manner at all times.

(f) A client has no right to demand that counsel abuse the opposite party or indulge in offensive conduct. A lawyer shall always treat adverse witnesses and suitors with fairness and due consideration.

(g) In adversary proceedings, clients are litigants and though ill feeling may exist between clients, such ill feeling should not influence a lawyer's conduct, attitude, or demeanor ward opposing lawyers.

(h) A lawyer should not use any form of discovery or the scheduling of discovery as a means of harassing opposing counsel or counsel's client.

(i) Lawyers will be punctual in communications with others and in honoring scheduled appearances and will recognize that neglect and tardiness are demeaning to the lawyer and to the judicial system.

(j) If a fellow member of the bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. The court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order.

(k) Effective advocacy does not require antagonistic or obnoxious behavior, and members of the bar will adhere to the higher standard of conduct which judges, lawyers, clients, and the public may rightfully expect.

(l) The court also encourages attorneys to be familiar with the Codes of Pretrial and Trial Conduct promulgated by the American College of Trial Lawyers, which can be found on the court's website, located at txed.uscourts.gov, and to conduct themselves accordingly.

Despite certifying that they would comply with these standards when applying for admission to practice in this district, the attorneys in this case have clearly fallen well short of many of them.

The Court **ORDERS** the parties to mediate with Judge K. Nicole Mitchell as to all outstanding issues between the parties by **September 29, 2023**. Ms. Stanton, a representative of Jarvis Christian College with ultimate decision-making authority on the outstanding issues, and counsel for both parties must appear for mediation in person.

If the parties fail to resolve all outstanding issues through mediation, the Court will consider appropriate sanctions or disciplinary actions against the parties and counsel.

So **ORDERED** and **SIGNED** this **25th** day of **July, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE